# In the United States Court of Federal Claims

No. 15-156C
(Filed: October 15, 2015)*
**Order originally filed under seal on September 22, 2015**

|  |  |  |
|---|---|---|
| KWR CONSTRUCTION, INC. | ) ) ) | |
| Plaintiff, | ) ) | Bid Protest; Discovery; |
| v. | ) ) | Supplementation of the Administrative Record |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*Anne E. Carl*, Bisbee, AZ, for plaintiff.

*Matthew P. Roche*, Civil Division, United States Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Franklin E. White, Jr.*, Assistant Director, for defendant.  *Erika L. Whelan Retta*, Commercial Law and Litigation Directorate, Air Force Legal Operations Agency, Joint Base Andrews, MD, of counsel.

**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND FOURTH MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

**FIRESTONE**, *Judge*.

Pending before the court are motions by plaintiff KWR Construction, Inc. ("KWR") for supplementation of the administrative record (ECF No. 111) and discovery (ECF No. 113) in support of its bid protest action against defendant United States ("the government") in connection with the United States Air Force's ("the agency") July 28, 2014 award of four multiple award construction contract (MACC) indefinite-delivery

indefinite-quantity (IDIQ) contracts for construction work at Luke Air Force Base, Arizona.

KWR was eliminated from the competition because its offer price was determined to be incomplete, unreasonable, and unrealistic. On February 18, 2015, KWR filed its complaint protesting that determination in this court. KWR also filed a motion to supplement the administrative record (ECF No. 5) with the original tape recording of a conversation between the contracting officer and Al Anderson of KWR; a typewritten transcript was submitted as part of the administrative record. On March 4, 2015, KWR filed a motion for judgment on the administrative record and a second motion to supplement the administrative record (ECF No. 15). KWR's second motion to supplement the administrative record offered an affidavit of Arthur Wayne Rivas, who was president of KWR and provided information regarding a phone call between the contracting officer and Mr. Rivas on April 23, 2014. On March 20, 2015, the court heard oral argument on cross motions for judgment on the administrative record. On March 23, 2015, the court entered an order vacating the agency's decision to eliminate KWR from the competition and remanding the matter to the agency with instructions to either provide a reasoned explanation for its rejection of KWR's price proposal or to adopt a different decision with a reasoned explanation. KWR's motions to supplement the administrative record were denied as moot.

On remand, the agency determined that, in light of the issues identified in the court's remand order, the best course of action would be to have KWR's price proposal re-evaluated by Tauny Woo, a member of the source selection team who had not

previously evaluated KWR's price proposal.  See Administrative Record ("AR") 5975.  At the conclusion of the remand, the agency determined that KWR's price proposal was unacceptable.  See AR 5967.

On April 15, 2015, KWR filed its challenge to the Air Force's decision on remand.  KWR also filed a third motion to supplement the administrative record (ECF No. 50) with affidavits of Sophie Moore and Al Anderson regarding "contracting officer duties and "best practices" vis-à-vis KWR's unique positioning and the cost savings that it achieves based on its long-standing presence as an Arizona-based 8(a) General Contractor with in-house extensive electrical contracting expertise."  Oral argument was held on May 27, 2015.  On June 2, 2015, the court entered an order questioning whether the agency's decision on remand was procedurally proper and requiring supplemental briefing "addressing the authority of the contracting officer to issue a decision on remand, taking into account the roles of Source Selection Authority, Procurement Contracting Officer, and Source Selection Evaluation Board."  In light of the issues raised in the court's order, the agency determined to undertake corrective action by re-evaluating KWR's price proposal using the same three members of the Source Selection Evaluation Board that evaluated KWR's pre-award price proposal.  On June 9, 2015, the agency filed a motion for voluntary remand, which the court granted on June 10, 2015.

On remand, the Source Selection Authority concluded that KWR's price proposal was complete, reasonable, but unrealistic.  See AR 6068.  Accordingly, the agency did not award KWR the MACC IDIQ contract.  See AR 6071.

In its fourth motion to supplement the administrative record, KWR provides an affidavit and several e-mails that KWR argues are needed for the court to understand KWR's second motion for judgment on the administrative record on all matters not requiring discovery and KWR's motion for discovery. Specifically, KWR seeks to supplement the administrative record with two exhibits: (1) an affidavit of Al Anderson, who manages KWR and previously managed 1MD Inc., which was KWR's predecessor company and did business as Castro Electric at Luke Air Force Base; and (2) a series of e-mails between counsel for KWR and counsel for the government that followed a conversation regarding the government's June 9, 2015 request for voluntary remand. KWR asserts that the affidavit and e-mails demonstrate that the agency's evaluation process had become "tainted" due to a wire-cutting incident being attributed to Castro Electric, and therefore KWR, in connection with another contract at Luke Air Force Base.[1]  Mr. Anderson also states that the independent government cost estimate ("IGE"), which was used to gauge KWR's price proposal, was not supported.

---

[1] In a series of e-mails accompanying Mr. Anderson's affidavit, an agency official questioned whether Castro Electric had sufficient experience to be awarded a certain contract, unrelated to the one at issue in this case, apparently with the understanding that the contract required 3 years of experience. The agency official also implied that Castro Electric was responsible for a wire-cutting problem under another contract. The contracting officer responded: "It is unfortunate that the shops had to accomplish contractor work to achieve compliance; however, that should never be the case with any contract related work. It is ultimately the contractor's responsibility to ensure that the project is completed per the specification and Statement of Work in the contract. If there is in fact a regulation in an AFI or specification that requires a contractor to have three (3) years' experience to work on the airfield, I need that document to cross reference against the original terms and conditions of the contract." See Pl.'s Fourth Mot. to Suppl. the Admin. R., Ex. 1-B at 3.

4

In its motion to engage in discovery, KWR seeks an order compelling production by the agency of (1) e-mails, notes, recording, and other correspondence referencing KWR, 1MD-Inc., and Castro Electric; (2) copies of the handwritten evaluation checklists that were produced during evaluations of all offerors for the solicitation at issue; (3) written records of hours expended by government personnel specific to KWR's protests at the agency level, at the United States Government Accountability Office, and at this court; and (4) a certificate from the person in charge of e-mail or data storage archives for the agency that the e-mail or data provided to KWR as a result of discovery comprises a complete record. KWR also requests depositions of several agency staff and counsel for the government.

For the reasons that follow, KWR's motion for discovery and motion to supplement the administrative record are **DENIED**.

I.   **Legal Standards**

Rule 52.1 of the Rules of the United States Court of Federal Claims provides for review of agency action based upon the administrative record. Under this rule, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Inforeliance Corp. v. United States, 118 Fed. Cl. 744, 747 n.6 (2014) (citations omitted). In general, "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (Fed. Cir. 2009) (citing Murakami v. United States, 46 Fed. Cl. 731, 735 (2000), aff'd, 398 F.3d 1342 (Fed. Cir. 2005)). Moreover, "discovery of the contracting

officer's reasoning is not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of the contracting officer's [decision]." Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1341 (Fed. Cir. 2001); see also Info. Tech. & Applications Corp. v. United States, 316 F.3d 1312, 1323 n.2 (Fed. Cir. 2003).  Finally, in order to supplement the record or obtain discovery, a plaintiff must show (1) either a motivation for the agency to have acted in bad faith or conduct that is hard to explain absent bad faith, and (2) that discovery could lead to evidence that would afford the level of proof sufficient to overcome the presumption of regularity and good faith.  See Inforeliance Corp., 118 Fed. Cl. at 747 (citing Beta Analytics Int'l, Inc. v. United States, 61 Fed. Cl. 223, 226 (2004)).

**II.     Discussion**

KWR argues that Mr. Anderson's affidavit and the e-mails KWR has provided show that the contracting officer in this matter, Eric Hinsch, was inappropriately influenced by the description of the wire-cutting incident involving Castro Electric and that the e-mails might have motivated the agency to evaluate KWR's proposal with "special scrutiny in order to deny KWR a contract award."  Pl.'s Fourth Mot. to Suppl. the Admin. R., Ex. 1-A ¶ 17.  In addition, KWR argues that its second exhibit, an exchange of e-mails between KWR's counsel and the government's counsel in this case, "strongly suggest that . . . the evaluation process had become 'tainted' and KWR was highly unlikely to ever receive a contract from this MACC IDIQ Solicitation or this protest."  Id. 2.  Specifically, KWR argues, the government's counsel indicated that KWR would never be awarded a contract.  Id.

In support of its motion for discovery, KWR acknowledges that discovery is rarely appropriate in a bid protest but argues that discovery is necessary in this case to facilitate meaningful judicial review.  In particular, KWR asserts that it has met the standards set in Inforeliance Corp. v. United States, 118 Fed. Cl. at 747.

In response, the government argues that KWR's proffered evidence is not new and does not demonstrate bias on the part of the agency.  First, while the government recognizes that its counsel made some "regrettable" comments during a phone conversation with counsel for KWR, the e-mails demonstrate that he later apologized and, more importantly, he also contemporaneously explained that he was speaking only for himself and his comments did not reflect the views of the agency.  In addition, the government argues that KWR's proffered affidavit and e-mails with regard to the wire-cutting incident under Castro Electric's contract do not demonstrate bias or bad faith requiring supplementation of the administrative record or discovery with regard to the decision to reject KWR's proposal on cost realism grounds in this case.  Finally, the government asserts that KWR's motion for discovery should also fail because KWR has not demonstrated how discovery would lead to evidence that would overcome the presumption of regularity and good faith.  The government distinguishes cases where discovery was allowed due to a lack of any rationale for a contracting officer's decision in the administrative record, Impresa, 238 F.3d at 1338-40, and where there was clearer evidence of bias.  See Pitney Bowes Gov't Sols., Inc. v. United States, 93 Fed. Cl. 327, 329 (2010); L-3 Commc'ns Integrated Sys., L.P. v. United States, 91 Fed. Cl. 347, 350 (2010), amended on reconsideration in part, 98 Fed. Cl. 45 (2011); see also Office Depot,

Inc. v. United States, 94 Fed. Cl. 294, 297 (2010) (finding that allegations of bias did not warrant deposition to supplement the administrative record).

The court agrees with the government. First, the affidavit and e-mails that KWR offers to supplement the administrative record do not establish that the contracting officer or any member of the evaluation team was inappropriately influenced by the discussion of the wire-cutting incident that occurred in connection with a Castro Electric contract. In this connection, the court notes that the contracting officer's response to the e-mail exchange, dated April 10, 2014, demonstrates a lack of bias toward Castro Electric. See Pl.'s Fourth Mot. to Suppl. the Admin. R., Ex. 1-B at 3.

In addition, the court finds no reason to attribute the statements made by the government's counsel to the contracting officer or other agency staff involved in the evaluation and selection process. Government counsel's tone and language appears to have been regrettably unprofessional, but there is no evidence that he was speaking for the contracting officer or other agency officials involved in the selection process at issue in this case. Indeed, there is no basis to assume that anyone involved in reviewing KWR's proposal on remand was aware of the attorneys' conversation.

Finally, to the extent KWR argues that the agency's IGE was not supported, this argument goes to the merits of whether the agency's decision was flawed and should be overturned or remanded than to KWR's allegations of bias in support of supplementation and discovery. See D & S Consultants, Inc. v. United States, 101 Fed. Cl. 23, 33 (2011) (finding that documentation in the record was "sufficient to permit the Court to effectively review the creation and application of the IGE, which, plaintiff contend[ed],

was based on irrational assumptions and critical miscalculations"); Moore's Cafeteria Servs. v. United States, 77 Fed. Cl. 180, 187-88 (2007) (finding that plaintiff did not demonstrate prejudice in alleged errors in the IGE because the IGE was not the contracting officer's sole basis for making a price reasonableness determination).

### III. Conclusion

KWR's motion for discovery and motion to supplement the administrative record are therefore **DENIED**.  Pursuant to the court's scheduling order (ECF No. 126) filed September 4, 2015, the government shall file its response to plaintiff's motion for judgment on the administrative record and the government's second cross-motion by **September 28, 2015**.  Plaintiff shall file its response and reply by **October 8, 2015** and the government shall file its reply by **October 19, 2015**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge